CURTIS BRYANT, BARBARA BRYANT, WARD BROWNE, DAVID IRVINE, BURBRIDGE, RITA BURBRIDGE, JOHN ROSE, and GREG LEWIS, Plaintiffs

v.

SOUTHWEST MARINE OF SAMOA, INC., VESSEL SOUTHWEST MARINE CRANE BARGE, Its Engines, Tackle and Gear, MCCONNELL DOWELL COMPANY, MCCONNELL DOWELL COMPANY PONTOON RAFT VESSEL, Its Engines, Tackle and Gear, and DOES I-XX, Defendants

SOUTHWEST MARINE OF SAMOA, INC., Third-Party Plaintiff,

v.

KOREA WONYANG FISHERIES CO., LTD., KOREAN TUNA VENTURES S.A., STARKIST SAMOA, INC., STARKIST FOODS, INC., and AMERICAN SAMOA GOVERNMENT, Third-Party Defendants

MCCONNELL DOWELL COMPANY and MCCONNELL DOWELL COMPANY PONTOON RAFT VESSEL, Cross-Complainants and Cross-Defendants

v.

SOUTHWEST MARINE OF SAMOA, INC., Cross-Defendant and Cross-Complainant

High Court of American Samoa
Trial Division

CA No. 41-92

October 25, 1993

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and MAILO, Associate Judge.

Counsel: For Plaintiffs, Charles V. Alaʻilima
   For Defendant and Third-Party Plaintiff Southwest Marine of Samoa, Inc. and Defendant Southwest Marine Crane Barge, Robert A. Dennison III, Mary Cox
   For Third-Party Defendants StarKist Samoa, Inc. and StarKist Foods, Inc., Roy J.D. Hall, Jr.
   For Third-Party Defendant American Samoa Government, Assistant Attorney General Cheryl A. Quadlander

Order Granting Motions for Summary Judgment:

This matter is now before the court on the motions for summary judgment by defendant SouthWest Marine of Samoa, Inc. ("SWM"), and defendants McConnell Dowell Company ("MDC") and McConnell Dowell Company Pontoon Raft Vessel ("MDC Pontoon Raft").

Both motions are based primarily upon the defense of act of God. This defense is not available in the aftermath of every natural occurrence, but is reserved for occasions rising to the level of an unexpected natural catastrophe. While plaintiffs have correctly pointed out that American Samoa has experienced damaging hurricanes in the past, that fact alone does not exclude Hurricane Val, the central event underlying this action, from being an act of God. An act of God need not be unprecedented in a particular locality, if the event is extraordinary and unexpected. As SWM correctly points out, Hurricane Val was a storm fitting Schoenbaum's definition of an act of God as a natural event "catastrophic enough as to triumph over safeguards usually [employed] by skillful and vigilant seamen" (SWM brief, p. 11).

19

■ Plaintiffs' response failed to advance any counterarguments directly disputing the characterization of Hurricane Val as an act of God. Instead, plaintiffs rely on the fact that the Fiji Meteorological Service bulletin (Tropical Cyclone Report 91/2) may be subject to correction. However, plaintiffs have not indicated where the bulletin may be mistaken, or even if they plan to challenge the bulletin at a later date. As non-moving parties, plaintiffs cannot prevail on this contention merely by asserting that a genuine issue exists for trial. Plaintiffs are not entitled to a trial upon the "unsubstantiated hope that [they] can produce such evidence at trial." *Chapman v. Rudd Paint & Varnish Co.*, 409 F.2d 635, 643 (9th Cir. 1969).

■ Plaintiffs also urge that the reasonableness of precautions employed by SWM, MDC and MDC Pontoon Raft is a genuine issue of fact, despite the characterization of Hurricane Val as an act of God and as a proximate cause of their damage. In this respect, plaintiffs advanced only Silila Patene's affidavit to create an issue of fact. T.C.R.C.P. Rule 56(e) states clearly that "affidavits shall be made on personal knowledge, . . . [containing] facts as would be admissible..., and shall show affirmatively that the witness is competent to testify to the matters therein." Evidence necessary to defeat a motion for summary judgment may depend on the quality of the moving party's offering. Thus, "if the proof in support of the motion ... has a high degree of credibility the opponent must produce convincing proof." *See*, Wright, et al., *Federal Practice and Procedure*, §2727 at 143 (2d ed. 1983).

■ A non-moving party's single affidavit, if inadequate, may be insufficient opposition. *Ashwell & Company, Inc., v. Transamerica Insurance Company*, 407 F.2d 762 (7th Cir. 1969). Patane's affidavit is inadequate, and cannot defeat the evidence amply presented by the moving parties. His affidavit contradicts his own, earlier deposition testimony. Even on Patane's version of the facts, SWM, MDC and MDC Pontoon Raft are entitled to prevail. He does not dispute the characterization of Hurricane Val as an act of God. He does not assert that such a characterization, in fact, still made the actions of any or all of the defendants unreasonable, or that they should have anticipated an act of God. Patane only states that hurricanes are not uncommon in the territory, and that the tying up of the crane barge was inadequate as such.

■ SWM, MDC and MDC Pontoon Raft were under no legal obligation to the longline fishing vessels moored at SWM's facility. They do not have a novel obligation to protect another's boats in the face of an act of

God. They did not possess particular information regarding docking conditions, about which they were obliged to inform plaintiffs. Contrary to plaintiffs' assumption, an act of God defense does not per se require this court to conduct a further in-depth review of the situation.

For the reasons discussed above, the motions for summary judgments are granted. This decision necessarily extends to Korea Wonyang Fisheries Co., Ltd., Korean Tuna Ventures, S.A., StarKist Samoa, Inc., StarKist Foods, Inc., and the American Samoa Government. Therefore, all causes of action are dismissed with prejudice.

It is so ordered.